JACOB KEEBLER v. SEBASTIAN KAUFFMAN.

Vendor — Executory Contracts — Enforcement of Specific Execution.

To entitle a vendor of real estate by executory contract to a judgment *in rem*, and an enforcement of his lien, he must allege that he has the legal title to the property sold or will acquire it and be able to convey the same to the vendee and should make him a party and show himself able to convey the same in proper time—this being necessary to entitle him to a specific execution—and also upon a sale of the property being adjudged to assure bidders that by the purchase they will acquire a complete title to the property.

APPEAL FROM GRAVES CIRCUIT COURT.

June 6, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

It has been repeatedly held by this court that to entitle a vendor of real estate by executory contract to a judgment *in rem*, and an enforcement of his lien, he must allege that he has the legal title to the property sold, or will acquire it and be able to convey the same to the vendee, and should make his vendor a party and show himself able to convey the same in proper time — this is necessary to entitle him to a specific execution — and also upon a sale of the property being adjudged to assure bidders that by the purchase they will acquire a complete title to the property.

In this case these requirements are not only not complied with, but the petition shows on its face that he was not invested with the legal title to the half of the property which he had constructed to sell and which he was seeking to subject to his alleged lien, and failed to allege that all the purchase money was paid by him therefor and to make his vendor a party to his action.

Appellee does not allege in his petition that the interest sold by him will be insufficient to pay the amount due him, nor state facts sufficient to authorize the sale of the interest of appellant in the property. Whether or not he might be entitled to a judgment for a sale of the joint interest of appellant owned prior to the sale by appellee of his interest we need not now decide, as the facts stated in the petition in this case do not authorize such a judgment.

40

As, therefore, the judgment rendered was wholly-unauthorized by the pleadings and as the plaintiff below was the purchaser, the judgment for the sale is reversed, the sale is set aside, and the cause remanded for further proceedings consistent with this opinion.

*Rodman,* for Appellant.

*Keehler,* for Appellee.